UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DARYLL SHELTON

CIVIL ACTION

VERSUS

NO. 17-1683-BAJ-EWD

HALLMARK TRUCKING INSURANCE
COMPANY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 27, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DARYLL SHELTON

CIVIL ACTION

VERSUS

NO. 17-1683-BAJ-EWD

HALLMARK TRUCKING INSURANCE
COMPANY, ET AL.

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand[1] filed by Plaintiff, Daryll Shelton ("Plaintiff"). Defendants, Hallmark Specialty Insurance Company and 5 Star Truck Lines, Inc. (collectively, the "Removing Defendants") have filed an opposition.[2]

For the reasons set forth herein, the undersigned RECOMMENDS[3] that the Motion to Remand be GRANTED and this matter be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

### I.    Background

Plaintiff filed a Petition for Damages (the "Petition") against Daniel McClure, Hallmark Specialty Insurance Co., 5 Star Truck Lines, Inc., and Aspen American Insurance Company (collectively, "Defendants") in state court for injuries allegedly arising out of a December 3, 2016 motor vehicle accident.  Per his Petition, Plaintiff seeks injuries for past, present, and future (1) physical pain and suffering, (2) mental anguish, (3) loss of enjoyment of life, (4) medical expenses, and (5) lost wages/earnings.[4]

---

[1] R. Doc. 7.

[2] R. Doc. 8.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review."  *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Doc. 1-3, ¶ 10.

On November 20, 2017, the Removing Defendants removed this suit on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] Although the parties appear to be completely diverse,[6] the undersigned previously found that it is not apparent from the face of Plaintiff's Petition that the claims are likely to exceed $75,000.00.[7] Accordingly, the Removing Defendants were ordered to file a memorandum and supporting evidence addressing whether the amount in controversy requirement of 28 U.S.C. § 1332 was met.[8] The Removing Defendants filed a Memorandum in Support of Diversity Jurisdiction on December 1, 2017.[9] Thereafter, Plaintiff filed the instant Motion to Remand.[10]

## II. Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[11] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[12] In removed actions,

---

[5] R. Doc. 1.

[6] Per the Notice of Removal, Plaintiff is domiciled in and a citizen of Louisiana. R. Doc. 1-2, ¶ 2. Daniel McClure is alleged to be domiciled in Mississippi. R. Doc. 1-2, ¶ 5. 5 Star Truck Lines, Inc. is alleged to be a Mississippi corporation with its principal place of business in Mississippi. R. Doc. 1-2, ¶ 6. Hallmark Specialty Insurance Company is alleged to be an Oklahoma corporation with its principal place of business in Texas. R. Doc. 1-2, ¶ 7. Aspen American Insurance Company is alleged to be a Texas corporation with its principal place of business in Texas. R. Doc. 1-2, ¶ 8.

[7] R. Doc. 3.

[8] R. Doc. 3.

[9] R. Doc. 6.

[10] R. Doc. 7.

[11] 28 U.S.C. § 1332(a)-(a)(1).

[12] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[13]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[14]  The removing party has the burden of proving federal diversity jurisdiction.[15]  Remand is proper if at any time the court lacks subject matter jurisdiction.[16]

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[17]  When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[18]  The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[19]

It is not facially apparent from the Petition that the Plaintiff's claims will exceed the jurisdictional amount of $75,000, exclusive of interest and costs.  In his Petition, Plaintiff alleges broad, boilerplate categories of damages including physical pain and suffering, mental anguish, loss of enjoyment of life, medical expenses, and lost wages/earnings.[20]  There is no allegation regarding Plaintiff's specific injuries, nor is there any information regarding claimed medical

---

[13] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted).  No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

[14] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

[15] *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).

[16] *See*, 28 U.S.C. § 1447(c).

[17] La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

[18] *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[19] *Id*. (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

[20] R. Doc. 1-3, ¶ 10.  No party has provided any additional information regarding Plaintiff's claim of lost wages/earnings in subsequent briefing or through supporting evidence.

expenses or lost wages/earnings. "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000."[21] Based on the foregoing, the amount in controversy is not facially apparent from the Petition.

Since it is not facially apparent from the Petition that Plaintiff's damages will exceed the federal jurisdictional amount, the court must next consider whether the Removing Defendants have met their burden of proving, through summary judgment-type evidence, that the amount in controversy in this case is likely to exceed $75,000. The Removing Defendants assert that numerous factors support a finding that the requisite amount in controversy is met here. First, the Removing Defendants rely on Plaintiff's failure to stipulate that his damages did not exceed the jurisdictional threshold. Second, the Removing Defendants rely on Plaintiff's medical records and assert that cases awarding damages for similar injuries and treatment support federal subject matter jurisdiction.

In the Notice of Removal, the Removing Defendants aver that "plaintiff refused to stipulate that his damages did not exceed $75,000.00 exclusive of interest, costs, and fees."[22] While the Removing Defendants attach a letter apparently sent to Plaintiff's counsel requesting that Plaintiff stipulate that his damages do not exceed $75,000, there does not appear to be any response from

---

[21] *Broadway v. Wal-Mart Stores, Inc.*, Civ.A 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)). *See also*, *Torres v. Mall of Louisiana, LLC*, Civil Action No. 17-466, 2017 WL 6884347, at * 3 (M.D. La. Dec. 5, 2017) ("While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages. Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000."); *Tucker v. Cincinnati Ins. Co.*, Civil Action 17-414, 2017 WL5762436, at * 3 (M.D. La. Aug. 24, 2017) ("'Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test.'") (quoting *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at * 3 (M.D. La. Jan. 6, 2012) (collecting cases)).

[22] R. Doc. 1-2, ¶ 10. *See also*, R. Doc. 8, p. 1 ("plaintiff's refusal to stipulate that his damages do not exceed $75,000.00, exclusive of interest and costs, while not conclusive in and of itself, is further evidence that the jurisdictional threshold has been met.").

Plaintiff to that letter.  This court has previously explained that the failure to execute a stipulation is but one factor for the court to consider in its amount in controversy analysis.[23]  In those cases, however, there was an affirmative refusal on the part of the plaintiff to stipulate that the damages exceeded $75,000, which is not the case here.  Further, even a direct refusal to stipulate, without more, cannot carry the Removing Defendants' burden of establishing that the amount in controversy is met here.

In addition to Plaintiff's failure to stipulate, the Removing Defendants also point out that Plaintiff's past medical expenses at the time of removal totaled $9,654.00,[24] argue that district courts have found the amount in controversy requirement satisfied where a plaintiff was diagnosed with disc bulges and disc herniation and have undergone treatment similar to Plaintiff's, and assert that Plaintiff's medical records indicate that his left eye was cut from glass as a result of the accident and required surgery.[25]  As a threshold matter, although the Removing Defendants assert that the medical records indicate that Plaintiff's left eye was cut from glass and required surgery,[26] Plaintiff avers in his Motion to Remand that he did not undergo eye surgery.[27]  The Removing

---

[23] *See*, *Cole v. Mesilla Valley Transportation*, Civil Action No. 16-841, 2017 WL 1682561, at * 5 (M.D. La. March 14, 2017).  *See also*, *Cage v. Hobby Lobby Stores, Inc.*, Civil Action No. 14-58, 2015 WL 803120, at * 4 (M.D. La. Feb. 25, 2015) (explaining that court "may consider the Plaintiff's refusal to sign the stipulation [that the amount in controversy was less than $75,000] as a factor in determining whether Defendant has met its burden of proof.") (citing *Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at * 5 (W.D. La. Feb. 4, 2014)); *Riley v. Southern Fidelity Ins. Co.*, Civil Action No. 11-1482, 2011 WL 3567515, at * 5 (E.D. La. Aug. 12, 2011) ("'[A] failure to stipulate is only one factor to consider in determining whether a defendant has met its burden' regarding the amount in controversy.") (citing *Meza v. Best Western International, Inc.*, Civil Action No. 10-2623, 2010 WL 5146524, at * 2 n. 3 (E.D. La. Dec. 8, 2010) & *Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 18, 2006)).

[24] R. Doc. 6, p. 3 ("plaintiff has incurred total charges of $7,034.00 with Medical Rehab Accident Injury Center, plus total charges of $1,400.00 with Stand-Up Open MRI Centers of Louisiana, plus total charges of $1,040.00 with LA Health Solutions, plus total charges of $180.00 with Lake After Hours Urgent Care, for past medical expenses at the time of removal of $9,654.00.").

[25] R. Doc. 6, p. 6.

[26] *See*, R. Doc. 6-2, p. 17.

[27] R. Doc. 7-1, pp. 2-3 ("Plaintiff has not undergone surgery for his eye.  He did have shards of glass from the window shattering and this glass was removed, but it was not surgery.").  In a December 13, 2016 "past medical history,"

Defendants do not contest this clarification in their opposition to the Motion to Remand.[28]  Based on the medical records provided by the Removing Defendants, it appears that Plaintiff was diagnosed with multiple disc bulges and possibly a disc herniation, [29] incurred medicals in the amount of $9,654.00 from December 2016 through the date of removal on November 20, 2017,[30] and underwent conservative treatments during that time.   The records also include a recommendation for a referral to an interventional pain specialist and neurosurgeon, as well as a recommendation for cervical and lumbar epidural steroid injections; however, there is no indication in the records or the parties' briefing that Plaintiff followed through on any of these recommendations.[31]

---

included in Plaintiff's medical records, Plaintiff reported that he had left eye surgery four years prior to the accident. R. Doc. 6-2, p. 6.

[28] *See*, R. Doc. 8, p. 1 ("as set forth in the plaintiff's medical records, filed with Record Document 6, the plaintiff has been diagnosed with disc bulges and a disc herniation, and his physicians have recommended cervical and lumbar injections, and referrals to an ENT physician, an interventional pain specialist, and a neurosurgeon.").

[29] R. Doc. 6, pp. 3-5. *See also*, R. Doc. 8, p. 1 ("as set forth in plaintiff's medical records, filed with Record Document 6, the plaintiff has been diagnosed with disc bulges and a disc herniation, and his physicians have recommended cervical and lumbar injections, and referrals to an ENT physician, an interventional pain specialist, and a neurosurgeon.").  The records attached to the Memorandum in Support of Diversity Jurisdiction include a May 13, 2017 MRI of Plaintiff's lumbar spine.  Findings set forth by the interpreting physician, Dr. Patrick Boyle, note the following abnormalities: "mild diffuse disc bulge with facet disease" with respect to T12-L1; "mild facet disease without diffuse disc bulge" with respect to L1-2; and "diffuse disc bulge and facet disease" with respect to L2-3, L3-4, and L4-5.  R. Doc. 6-2, p. 58.  The Removing Defendants assert that Dr. Marco Rodriguez subsequently diagnosed Plaintiff with "disc bulges and L2/3 and L3/4 with annular tears, and a disc herniation at L4/5 with an annular tear;" R. Doc. 6, p. 3.  This diagnosis appears in the "diagnostics" section of Dr. Rodriguez's notes from his initial examination.  R. Doc. 6-4, p. 10.  However, neither the "diagnosis" section of that same note, nor the diagnosis section of Dr. Rodriguez's subsequent September 15, 2017 note includes a diagnosis of disc herniation.  R. Doc. 6-4, pp. 3 & 11.  The diagnosis from the July 7, 2017 visit is "cervical facet syndrome…causing axial neck pain;" "intervertebral disc disorders with radiculopathy, lumbar region…, L2-5 with annular tears at each level, causing axial back pain with left lower extremity radiculopathy;" "lumbosacral facet joint syndrome…causing axial back pain;" and "MVA (motor vehicle accident….)"  R. Doc. 6-4, p. 11.  Dr. Rodriguez's diagnosis as indicated in the September 15, 2017 note is the same.  R. Doc. 6-4, p. 3.  Regardless of whether Plaintiff was diagnosed with a disc herniation or disc bulge, the amount in controversy for either type of alleged injury, in light of the medical expenses incurred at the time of removal, would not be sufficient to establish federal subject matter jurisdiction.

[30] The medical records attached to the Removing Defendants' Memorandum in Support of Diversity Jurisdiction actually span from December 2016 through September 2017 (*i.e.*, two months prior to the removal).  However, Plaintiff has not objected to the Removing Defendants' assertion that "past medical expenses at the time of removal" were $9,654.00, and instead avers that "the treatment outline set forth" by the Removing Defendants "accurately describes the treatment Plaintiff received" with the exception of the alleged eye surgery.  R. Doc. 7-1, p. 2.

[31] In his Motion to Remand, Plaintiff asserts that "as Plaintiff's injuries, medical treatment, and damages currently stands, it is not clear if his damages meet the $75,000.00 jurisdictional threshold at this moment in time.  With that

In *Cole v. Mesilla Valley Transportation*, Civil Action No. 16-841, 2017 WL 1682561 (M.D. La. March 14, 2017), this court undertook an extensive analysis of the amount in controversy where a plaintiff's medical records indicated $7,318 in medical expenses for multiple disc bulges with no steroid injections, disc herniation, or surgery recommendation. This court explained that "a general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections." 2017 WL 1682561, at * 5. (citing *Clement v. Carbon*, No. 13-CA-827, 153 So.3d 460, 464 (La. App. 5 Cir. April 9, 2014) (affirming award of $30,000 in general damages for bulging disc at C5-6); *Moody v. Cummings*, No. 2009-CA-1233, 37 So.3d 1054, 1062 (La. App. 4 Cir. April 14, 2010) (affirming award of $45,000 in general damages for minimal bulging at C2-3, C4-5, and C5-6, which appeared to be degenerative, and not traumatic in origin, and pain for a period of 4 years); *Mixter v. Wilson*, No. 10-CA-464, 54 So.3d 1164, 1169 (La. App. 5 Cir. Dec. 10, 2010) (increasing award for general damages to $30,000 where MRI revealed two ruptured discs and one bulging disc, and plaintiff was treated with epidural steroid injections); *Holford v. Allstate Ins. Co.*, No. 41,187-CA, 935 So.2d 758, 763 (La. App. 2 Cir. June 28, 2006) (affirming general damages award of $25,000 for "chronic back pain" where MRIs revealed mild bulging discs at L1-2 and T11-12 likely aggravated by the accident); *DiMaggio v. Williams*, No. 04-CA-1415, 04-CA-1416, 900 So.2d 1014, 1019 (La. App. 5 Cir. March 29, 2005) (affirming general damages award of $15,000 for two bulging discs); *Orillac v. Solomon*, No. 33,701-CA, 765 So.2d 1185, 1190 (La. App. 2 Cir. Aug. 23, 2000) (reducing general damages award to $30,000 where MRI revealed minimal bulging of two discs

---

being said, Plaintiff's medical treatment is ongoing at this time and his damages may exceed the jurisdictional amount at a later date depending on the nature of the medical treatment plaintiff undergoes in the future and the length of time his pain persists." R. Doc. 7-1, p. 3. As explained above, this court must determine whether the requisite amount in controversy existed at the time of removal.

and slight encroachment between vertebra); *but see Locke v. Young*, 42,703-CA, 973 So.2d 831, 847 (La. App. 2 Cir. Dec. 12, 2007) (reducing award of $150,000 in general damages award for two bulging discs to $75,000)).

Further, the *Cole* court noted that "[s]everal recent federal court decisions have held that the removing defendant did not meet its burden of providing [sic] the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal." *Id.* (citing *Barrow v. James River Ins. Co.*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annular cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip); *Robichaux v. Wal-Mart Stores, Inc.*, No. 16-1786, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $7,555 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and biltateral foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1"); *Powell v. Cadieu*, No. 15-4839, 2016 WL 1042351 (E.D. La. Mar. 16, 2016) (amount in controversy not satisfied where plaintiff incurred $1,948 in medical expenses at time of removal, and MRI tests indicated plaintiff had "lumbar facet arthrosis at L3-4 and L4-5 with bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3

and L4-5"); *Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512 (E.D. La. Mar. 16, 2011) (amount in controversy not satisfied where slip-and-fall plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed)).   In contrast to the above cited cases, this court has found a defendant met its burden of proving the amount in controversy existed at the time of removal where medical bills showed consistent treatment with larger medical charges. *Thibodeaux v. GEICO*, Civil Action No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016) (medical bills in excess of $45,000); *Thomas v. Louis Dreyfus Commodities, LLC*, Civil Action No. 15-394, 2016 WL 1317937 (M.D. La. March 11, 2016) (recommending denial of motion to remand where plaintiff submitted medical bills totaling $26,637.57 and alleged other injuries in addition to bulging and herniated discs).

Here, the Removing Defendants rely on a number of decisions involving injuries, treatment, or specific factual circumstances not present in this action.  *See*, *McDonald v. Target Corp. of Minnesota*, Civil Action No. 11-598, 2011 WL 2160495 (E.D. La. June 1, 2011) (reviewing awards in herniated disc cases where plaintiff's surgery had been cancelled after an initial physician recommendation); *Robinson v. Kmart Corp.*, Civil Action No. 11-12, 2011 WL 2790192 (M.D. La. April 28, 2011) (recommending that plaintiff's motion to remand be denied where record revealed "plaintiff suffered *multiple* herniated discs, that may require surgery in the future…."); *Hebert v. Boesch*, No. 2015 CA 1791, 194 So.3d 798 (La. App. 1 Cir. June 3, 2016) (affirming general damage award of $75,000 where plaintiff was involved in rear-end automobile accident that "caused the bed of [his] pickup to be shoved forward, breaking the back window and the driver's seat;" plaintiff "sustained injuries to his neck, back, shoulders, chest, and shins;" MRI scans revealed two disc bulges at C6-7 and L4-5; and plaintiff was treated conservatively with

10

medication, six weeks of physical therapy, including dry needling; and plaintiff incurred $15,290.98 in past medical expenses); *Duchamp v. State Farm Mut. Auto. Ins. Co.*, No. 2005-339, 916 So.2d 498 (La. App. 3 Cir. Nov. 2, 2005) (awarding $135,000 in general damages not related to future medical treatment to plaintiff who suffered from herniated disc, facial numbness/drooping, and loss of libido and who underwent a series of three injections, with anticipated future injections once or twice a year throughout his lifetime).[32]

Significantly, it is the Removing Defendants' burden to "'prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.'"[33] As stated above, the removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[34] Here, based on the documentation presented in support of federal subject matter jurisdiction, the undersigned finds that the Removing Defendants have not carried

---

[32] The Removing Defendants also rely on *Gradney v. Dixie Partners V, LP*, Civil Action No. 14-1069, 2014 WL 3891367 (W.D. La. Aug. 8, 2014). The undersigned finds *Gradney* to be the "most similar" of the cases relied on by the Removing Defendants to the situation presented here. In *Gradney*, plaintiff's MRI imaging revealed small disc bulges and small disc herniations that would not require surgery and plaintiff had incurred special damages totaling $9,754.37 for both medical expenses and past lost wages. The court denied the motion to remand, explaining that it was "persuaded that the damages for Gradney's injury would well exceed $75,000." *Id.* at 3. The *Gradney* court did not cite any jurisprudence supporting this conclusion and, as set forth herein, this court's recent review of analogous cases indicates that damage awards for injuries and treatment similar to Plaintiff's are not likely to exceed the required amount in controversy. Even assuming that the cases relied upon by the Removing Defendants were accurate, these citations "only suggest[] that a range of general damages exists for cases involving similar injuries, with a low end that is less than $75,000 and a high end that is more than $75,000." *Hill v. Alford*, Civil Action No. 17-15737, 2018 WL 798243, at * 4 (E.D. La. Feb. 9, 2018) (finding that defendants failed to meet their burden regarding the amount in controversy and explaining that "[b]y pointing to cases where plaintiffs recovered general damages in excess of $75,000, Defendants have merely exemplified the amount in damages that Plaintiff could recover; yet, Defendants wholly ignore cases involving similar injuries where plaintiffs received general damages less than $75,000" and noting that "Defendants' speculation of general damages that Plaintiff could recover is insufficient to establish subject matter jurisdiction.").

[33] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002) (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999)).

[34] *Gasch*, 491 F.3d at 281-82. *See also*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

their burden of proving by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal.[35]

<u>**RECOMMENDATION**</u>

For the reasons set forth herein, the undersigned RECOMMENDS that the Motion to Remand[36] be GRANTED and this matter be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on March 27, 2018.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[35] As noted by Plaintiff in the Motion to Remand, Plaintiff's treatment is ongoing.  Although the information currently before the court is not sufficient to establish that the amount in controversy is met at this point in time, nothing in this Report is intended to suggest that the amount in controversy could not be met at some point in the future.

[36] R. Doc. 7.